OPINION OF THE COURT
Francis A. Nicolai, J.
Petitioners commence this proceeding pursuant to Election Law § 16-102 challenging the nomination of Matthew F. Coppola, Kenneth W. Rudolph and John P. DiBlasi as candidates for the public office of Justice of the Supreme Court of the State of New York of the Conservative Party for the Ninth Judicial District. The petitioners urge (a) that permitting a delegate to vote who arrived after the roll call to establish a quorum was held but before the roll call vote was improper since the delegate’s presence was not announced to the convention; (b) that the recording and announcing of the vote was confused so as to render it impossible to determine who was rightfully nominated; (c) that the minutes of the convention do not accurately record what occurred, specifically that the minutes only contain the names of three candidates when in fact four candidates were voted upon for the three positions being considered by the convention and the minutes state the candidates were unanimously nominated by voice vote instead of by roll call vote which was less than unanimous for two of the candidates nominated.
*35 On the evening of September 23, 1994, the Ninth Judicial District delegates of the Conservative Party convened to nominate candidates for the Office of Justice of the Supreme Court to be filled at the November 8, 1994 general election. A roll call was held to establish that a quorum was present. Thirty-six delegates were present, concededly a quorum, and the convention proceeded to elect a permanent Chairman and Secretary. The names of four candidates were placed before the convention. In the interval between the quorum roll call, and the roll call vote to nominate candidates, four delegates and one alternate delegate arrived and all five were seated and permitted to vote. The four late arriving delegates were announced to the convention as present since they were now replacing the alternate delegates who had temporarily filled their position. These arrivals had no impact on the net number of delegates present, as their stand-ins were no longer considered delegates. The late arriving alternate delegate was seated as a delegate to fill a vacancy, bringing to 37 the number of delegates entitled to vote. Although he reported to the Secretary who noted his presence on her delegate list, his presence was not announced. After the four candidates addressed the convention a roll call vote, as required by statute, was held.
In addition to the official vote tally recorded by the Secretary, several other delegates recorded the votes and this resulted in unofficial voting results being discussed that were inconsistent. Both the Secretary and Chairman recorded the vote of each delegate as the roll was called and their results were identical.
After conferring with the Secretary the Chairman announced the following vote:
MATTHEW COPPOLA 36
HOWARD SPITZ 18
KENNETH RUDOLPH 37
JOHN DiBLASI 19
ABSTENTIONS 1*
After the vote was announced no delegate voiced an objection nor was any motion made for a recount.
Pursuant to agenda of the convention, item 6, the Chairman requested a motion to authorize the three candidates nomi *36 nated, as candidates for Justice of the Supreme Court of the Conservative Party, which motion was duly made, seconded and unanimously carried by voice vote.
The court rejects the petitioners’ argument that in the absence of a statutory or party rule concerning late arriving delegates, Robert’s Rules of Procedure should be followed, which rules require late arriving delegates to be reviewed by a credentials committee. There is no requirement for a credentials committee and such a committee was not appointed for this convention. The convention properly adopted a procedure whereby late arriving delegates were permitted to vote. The fact that Mr. Donahue’s presence was not announced to the convention is of no legal significance. Election Law § 6-124 states in pertinent part as follows: "The delegates certified to have been elected as such * * * shall be conclusively entitled to their seats, rights and votes as delegates to such convention. When a duly elected delegate does not attend the convention, his place shall be taken by one of the alternates” (emphasis added). There is no issue that Mr. Donahue was a duly elected alternate delegate to the judicial convention. The evidence is uncontroverted that he arrived after the quorum was established but before the vote to nominate was taken, he voted and his vote was recorded by the Secretary. His proper participation in the vote to nominate candidates established the number of delegates voting at 37.
This court credits the testimony of the Secretary that she recorded the vote of each delegate as it was cast. The Secretary’s vote tally sheet contains no erasures, deletions or corrections and accurately reflects that 37 delegates voted. The Chairman’s vote tally confirms the Secretary’s vote count. The logical and reasonable inference to be drawn from the fact that after the vote was announced there was neither a motion for a recount nor an objection to the vote is that the delegates were satisfied with the voting procedures and concurred with the announced vote. Any informal requests for a "body count” as the vote was being tallied but prior to the vote being announced were apparently resolved to the satisfaction of the delegate making the request. The evidence is overwhelming that the voting procedures were proper and that the vote as announced by the Chairman was accurate. On the record before it, the court concludes that it is possible to determine who was nominated and finds that the convention nominated, without objection, candidates Coppola, Rudolph and DiBlasi.
*37 The convention minutes, which follow a printed form provided by the State Conservative Party, did not accurately state what occurred. The unanimous voice vote to authorize candidates was incorrectly recorded in the minutes as the nomination result. The minutes did not note that the name of Howard Spitz was placed before the convention nor did they record the vote he received. Since candidate Spitz was not nominated by the convention the court does not consider the failure to record his name or other irregularities in the minutes to be fatal defects. To render invalid an otherwise valid judicial nominating convention would elevate form over substance which this court refuses to do. The papers filed together with the minutes, certificate of nomination, certificate of authorization and acceptance certificates accurately reflect what occurred. (See, Nemoyer v New York State Bd. of Elections, 125 Mise 2d 1054, affd 105 AD2d 488.)
Although imperfect, the minutes state what the convention did, that is, nominate candidates Coppola, Rudolph and DiBlasi who were properly certified by the State Board of Elections.
Petition is dismissed.

 The court notes that the 37 voting delegates each had 3 votes for a total of 111. The votes recorded and announced (36, 18, 37, 19) together with 1 abstention total 111 votes.